[Civ. No. 59259. Second Dist., Div. Five. Feb. 19, 1981.]

DAVID EARL SMITHSON, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Goldenring & Goldenring and Peter A. Goldenring for Petitioner.

Dorothy L. Schechter, County Counsel, and Mary C. Ward, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

KAUS, P. J.—This is a proceeding in mandamus to determine petitioner's right to an allocation of public funds for the purpose of hiring a private investigator.

Because of a conflict with the public defender's office, petitioner, an indigent criminal defendant, is represented by court-appointed counsel. (Pen. Code, § 987.2.) His counsel petitioned respondent court for an allocation of public funds to hire a private investigator. Respondent

granted the motion, by way of a written order, allowing a total of $750. Respondent orally advised counsel, however, that the $750 was not to be expended at a rate in excess of $12.50 an hour. Respondent further advised counsel that it had a list of investigators who would work at that hourly rate.

When counsel contacted the investigators, none would work at $12.50 an hour. Contact with investigators not on the list produced similar results. Counsel's efforts to hire an investigator led him to conclude that the minimum rate at which he could do so was $20 an hour. He then petitioned the court for an order authorizing payment of $20 an hour. Respondent, having determined to its own satisfaction that the private investigators of Ventura County had entered on a concerted boycott against existing court fees, denied this request and the within petition followed in due course.

Petitioner does not challenge the reasonableness of the $750 total. Respondent does not challenge petitioner's right to an investigator or to the payment of reasonable fees for investigative services. According to respondent's original answer to the petition, respondent's reluctance to allocate more than $12.50 an hour for investigative fees arose out of an unwillingness to allow the investigators to dictate fees to the county and upon a belief that "[j]ust as attorneys accept a lower hourly rate for court-appointed work, and just as public employees accept a lower rate of pay for comparable government work than they would in private service, so may investigators be expected and required to accept a somewhat lower rate of pay for work on court-related cases, knowing that they are assured of receiving prompt payment, and will not be required to seek enforcement through legal process or other means."

As a moral imperative the quoted sentence provides a meaty topic for debate. It is, however, useless in solving the problem of how a defendant's statutory and constitutional rights to effective assistance of counsel are to be implemented. The practical problem is one of economics, not philosophy, and the solution is a function of supply and demand. Respondent has no power to compel any particular investigator to work for any particular fee. Absent that power, and absent a source of supply willing to work for a lesser fee, the reasonable rate for investigators' services is the lowest going rate in the community.[1]

---

[1]We express no opinion concerning the possibility that the collective refusal of the investigators to work for $12.50 an hour may have violated some law designed to dis-

Following issuance of the alternative writ in this matter, respondent conducted its own survey of private investigators in Ventura County and concluded, as defense counsel had earlier, that $20 an hour is currently a reasonable rate for such services. An order authorizing payment for such services at such rate would therefore be appropriate.

For the future, it is to be expected that investigator's fees will vary from time to time as economic conditions fluctuate. If at some time respondent finds that the fees demanded are excessive, it can explore the possibility of hiring investigators from another locality where the supply exceeds the demand, as well as the possibility of having the county hire a certain number of full time investigators to handle cases where a conflict with the public defender exists.

Let a peremptory writ of mandate issue directing respondent court to amend its order of January 25, 1980, to provide that the private investigator hired by petitioner be compensated at the rate of up to $20 an hour.

Ashby, J., and Hastings, J., concurred.

---

courage restraint of trade. That issue, however, should not be tested at the expense of one criminal defendant's rights.